UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY DE-AN MARKO, | No. 2:25-cv-03160-DC-SCR |
| Plaintiff, | |
| v. | ORDER |
| 7-11 STORE CORPORATION, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") that is incomplete. The Court will deny the motion and allow Plaintiff to file a renewed motion or pay the filing fee.

The motion makes an insufficient showing to proceed in forma pauperis ("IFP"). The Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal citation and quotation omitted). The current application contains several omissions and ambiguities. For example, when asked to list her wages, Plaintiff appears to write, "can't get my pay from public guardian." ECF No. 2 at 1. The third question on the IFP form asks Plaintiff to list "other income" in six different categories, and Plaintiff has not answered as to four categories,

1  and has indicated that she does have income from two categories, but has not listed the amount.
2  ECF No. 2 at 1.  Plaintiff does not describe what her monthly expenses are, but lists a total of
3  $700.  It may be that Plaintiff qualifies for IFP status, but the current application is incomplete
4  and provides the Court with insufficient information to make the determination.  Plaintiff must
5  therefore file a renewed motion, or pay the filing fee.

6  If Plaintiff is ultimately allowed to proceed in forma pauperis, the Court will screen the
7  complaint under 28 U.S.C. § 1915(e), which provides that a court "shall dismiss the case at any
8  time if the court determines" that the action is frivolous or malicious, fails to state a claim on
9  which relief may be granted, or seeks monetary relief against a defendant immune from such
10 relief."  Although the Court has not yet formally screened the complaint, the Court observes that
11 it is quite brief and is handwritten in a manner that makes it difficult to read.  Plaintiff indicates
12 on the form complaint that there is federal question jurisdiction, but does not state the specific
13 federal statute or constitutional provision at issue.

14 It further appears that Plaintiff has not alleged factual content in support of her claims.
15 Plaintiff's statement of claim appears to state: "They have advertised for hiring when there [sic]
16 not."  ECF No. 1 at 5.  Plaintiff further writes "false advertising" and "discrimination."  *Id*.  A
17 formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *See Bell*
18 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678
19 (2009).  To state a claim on which relief may be granted, the plaintiff must allege enough facts
20 "to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has
21 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
22 reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at
23 678.

24 Plaintiff may, if she chooses, file an amended complaint.  *See* Fed. R. Civ. P. 15(a) ("A
25 party may amend its pleading once as a matter of course …").

26 Accordingly, **IT IS HEREBY ORDERED** that:
27 1. Plaintiff's motion to proceed IFP (ECF No. 2) is DENIED.
28 2. Plaintiff shall file a renewed motion to proceed in forma pauperis to address the

deficiencies set forth herein within 21 days of the date of this Order.

3. Alternatively, Plaintiff may pay the filing fee within 21 days.

4. If Plaintiff does not file a renewed motion for IFP or pay the filing fee within 21 days, the Court will recommend that this action be dismissed.

5. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: December 10, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3